UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROLYN MCCAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 23-3288 (CKK) |
| | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Plaintiff Carolyn McCain initiated this civil action against the Social Security Administration ("SSA") by filing a complaint in the Superior Court of the District of Columbia. *See McCain v. Social Security Admin.*, No. 2023-CAB-004962 (D.C. Super. Ct. Aug. 11, 2023). Generally, plaintiff demanded an award of $30,000 for SSA's alleged responsibility for pursuing a defamation claim against her which, in turn, prompted an unidentified individual, "the relator (whistleblower) and FBI Agents" to investigate plaintiff's activities, *see* Compl. (ECF No. 1-1) at 4, enter her apartment without consent, seize medical and financial information from her, steal her mail, and install of cameras to monitor plaintiff in her home, *see id*. at 5, among other allegedly unlawful conduct. SSA removed the action on November 2, 2023, *see generally* Notice of Removal (ECF No. 1), and filed a Status Report (ECF No. 9) on December 20, 2023. Plaintiff filed a response to SSA's Status Report (ECF No. 10) on December 26, 2023. The Court has reviewed the meager record of this case and, *sua sponte*, dismisses the complaint and this civil action for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the burden of demonstrating that this Court has jurisdiction over his claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim." *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)).

"The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007). "The term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1442(d)(6). The Supreme Court instructs:

> The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). This Court's "threshold determination is whether, prior to removal, the Superior Court . . . had jurisdiction of the subject matter" of a plaintiffs' lawsuit. *McKoy-Shields v. First Washington Realty, Inc.*, No. 1:11-CV-1419, 2012 WL 1076195, at *2 (D.D.C. March 30, 2012).

Because plaintiff filed her complaint in the Superior Court, which does not have jurisdiction over a claim brought against the SSA, "this Court cannot 'acquire' jurisdiction after removal, even if Plaintiff[s] could have filed [their] complaint in federal court in the first instance." *Cofield*, 64 F. Supp. 3d at 214. Absent derivative jurisdiction, the Court must

dismiss the complaint.  *See Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014).

The resolution of this case is no different if plaintiff intends to proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80, which operates as a limited waiver of the United States' sovereign immunity, *see Richards v. United States*, 369 U.S. 1, 6 (1962) (noting that the FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances").  Federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1).

It is a federal district court, not the Superior Court of the District of Columbia, which has subject matter jurisdiction over an FTCA claim.  *See Merkulov*, 75 F. Supp. 2d at 130.  Because the Superior Court lacked jurisdiction over plaintiff's claims, this Court acquires none upon removal pursuant to 28 U.S.C. § 1442.  *See James v. U.S. Postal Serv.*, No. 1:20-cv-0236, 2020 WL 5107512, at *3 (D.D.C. Aug. 31, 2020); *Farmer v. Disability Program Manager*, No. 1:19-cv-01731, 2020 WL 2571521, at *2 (D.D.C. May 21, 2020); *Johnson v. D.C. Metro. Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017); *Merkulov*, 75 F. Supp. 2d at 130-31.

An Order is issued separately.


DATE: December 29, 2023   /s/
COLLEEN KOLLAR KOTELLY
United States District Court Judge